UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | CASE NO: 1:15-CR-00050-P-BL-1 |
| § § § | |
| MICHAEL ANDERSON § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated December 4, 2015, (Doc. 14), addressing the motion to revoke **MICHAEL ANDERSON**'s term of supervised release.

**I.    PROCEDURAL BACKGROUND**

**A.    Original Conviction**

On June 21, 2005, **MICHAEL ANDERSON** (hereafter "Defendant") pleaded guilty to one count of Aiding and Abetting Attempt to Manufacture Methamphetamine, 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2. (Doc. 6). On September 22, 2005, Defendant was sentenced to 151 months custody, (*id.*), to be followed by a 5-year term of supervised release. (*Id.*). Supervision commenced on April 22, 2015. (*Id.*).

On August 4, 2015, jurisdiction was transferred from Senior U.S. District Judge Robert Junell, Western District of Texas, Midland Division, to Chief U.S. District Judge Jorge A. Solis. (Doc. 1).

**B.    Current Revocation Proceedings**

1

1) **Procedural History**

Before the Court is the Government's Motion to Revoke Supervised Release dated August 26, 2015 (Doc. 6), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed a Petition of the United States Probation Office, (Doc. 4), executed August 25, 2015, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The Chief District Judge ordered the issuance of a warrant on the same date. (*Id.*).

The undersigned magistrate judge conducted an initial appearance on November 2, 2015. (Doc. 8). A preliminary revocation and detention hearing were set for November 10, 2015 (Doc. 11), but were terminated upon oral waiver of probable cause and detention by defense counsel, John Saringer. (Docs. 12, 13). An Order of Detention and Finding Probable Cause was entered by the magistrate judge on November 10, 2015. (Doc. 13).

2) **Violation Allegations**

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Additional Condition**

The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

**Violation of Mandatory Condition No. 2**
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Violation of Standard Condition No. 7**
The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use,

---

[1] Alleged violations taken from Petition for Offender under Supervision dated August 25, 2015.

2

distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

### Violation of Standard Condition No. 15
The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

### Nature of Noncompliance
Michael Anderson (Anderson) violated these conditions of supervised release by using and possessing alcohol in or about June 2015. Additionally, Anderson further violated these conditions by using and possessing methamphetamine and marijuana, illegal controlled substances, in or about June and July 2015. Furthermore, Anderson violated these conditions by using and possessing opiate in or about July 2015.

On June 30, 2015, Anderson submitted a urine specimen collected by U.S. Probation Officer Scott Cannon (USPO Cannon) that tested positive for methamphetamine and marijuana. Subsequently, on July 16, 2015, Anderson admitted, verbally and in writing, to USPO Cannon that he consumed alcohol on June 27, 2015, and methamphetamine and marijuana on June 27, July 11 and 14, 2015. Further, on July 16, 2015, Anderson submitted a urine specimen at the U.S. Probation and Pretrial Services Office in Abilene, Texas, that tested positive for marijuana, methamphetamine, and opiate.

Anderson also failed to report for a random urine collection at Cantu Counseling, a federal drug treatment provider, in Big Spring, Texas, on July 14 and 22, 2015. Further, Anderson failed to attend his scheduled substance abuse counseling session at Cantu Counseling in Big Spring, Texas, on July 27, 2015.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on December 7, 2015, before the magistrate judge. Defendant was represented by John Saringer; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that

3

he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the magistrate judge. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Additional Condition that Defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision; Mandatory Condition #2 that Defendant not illegally possess a controlled substance; and Standard Conditions ##7 and 15.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc.17). Defendant testified that, although he believed he had conquered his addiction during his ten-year term of incarceration, such was incorrect. He explained that once he was released, he became mixed up with the wrong set of friends and started down the wrong path again. He expressed remorse, admitted his guilt, and made no excuses for his actions.

Defense Counsel and the attorney for the government declined to be heard on the issue.

II. **FINDINGS OF THE COURT**

  i. The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically the Additional Condition that Defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision; Mandatory Condition #2 that Defendant not illegally possess a controlled substance; and Standard Conditions ##7 and 15;

  ii. The Defendant was competent to make the decision to plead true to the allegations;

 iii. The Defendant had both a factual and rational understanding of the proceedings against him;

 iv. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

 v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

 vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

 vii. A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

 viii. At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

 ix. The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

 i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

 ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with

needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

**B. STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a four-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of eight to fourteen months imprisonment, based upon Defendant's criminal history category of VI and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of possession of a controlled substance and refusal to comply with drug testing. *See* 18 U.S.C. § 3583(g)(1)and (3).[3]

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

[3] *See,* however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such

6

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). In this case, Defendant is subject to a term of supervised release of four years up to life, less any term of imprisonment imposed upon revocation of his supervised release.

## IV.   ANALYSIS AND RECOMMENDATION

Prior to Defendant's release from custody, he attended the Residential Drug Abuse Program of the Bureau of Prisons, followed by a term of transitional services and post-conviction drug aftercare services. Defendant admittedly failed to make appropriate decisions regarding his negative associations and criminal behavior upon release, and as a result, he relapsed and reverted to using illegal substances. According to the Probation Officer's report, Defendant initially agreed to enter a residential re-entry program, but ultimately it was Defendant who requested that the supervised release warrant be issued instead.

Based on Defendant's conduct, coupled with his history of substance abuse and criminal history, it appears a term of incarceration at the high end of the policy statement is appropriate in this case. **The recommendation of this Court is a 14-month term of imprisonment.**

Should the District Judge concur with the recommended custodial sentence, Defendant will be exposed to a term of supervised release of at least 48 months up to life, minus any sentence

---

programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d).

imposed upon revocation. **It is recommended that a 34-month term of supervised release be reimposed** in this case, satisfying the mandatory minimum term. As stated above, Defendant has yet to make sustained, responsible decisions concerning his sobriety and associations. It is this Court's belief that an additional term of supervised release may benefit him by providing additional supervision, substance abuse counseling, and testing.

To that end, should supervised release be reimposed, the following conditions are recommended:

Mandatory Conditions:

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

4. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5. The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

Additional Conditions:

1. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for the treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.

2. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.

3. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

## V. CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

i. that Defendant be found to have violated the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Additional Condition that Defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision; Mandatory Condition #2 that Defendant not illegally possess a controlled substance; and Standard Conditions ##7 and 15;

ii. that his supervised release be REVOKED;

iii. that he be SENTENCED to the custody of the Attorney General for a period of fourteen (14) months; and

iv. that a thirty-four (34) month term of supervised release be reimposed, incorporating the conditions set forth above.

### NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    SIGNED this 10th day of December, 2015.

                                                 _____
                                                 E. SCOTT FROST
                                                 UNITED STATES MAGISTRATE JUDGE